**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

BISHOP EDWIN JIWAN MALL,

    Plaintiff,    :  Case No. 2:19-cv-4795

 - vs -           Judge Sarah D. Morrison
              Magistrate Judge Chelsey M. Vascura
EDUCATIONAL SERVICE CENTER
OF CENTRAL OHIO, *et al.*,
              :

    Defendants.

**OPINION AND ORDER**

  All of the Defendants have filed Motions to Dismiss (ECF Nos. 70, 72, 75, 76), except for Defendants Fawcett and Columbus Bilingual; Defendants Fawcett and Columbus Bilingual filed a Motion for Judgment on the Pleadings (ECF No. 74). These Motions are fully briefed and, for the reasons set forth below, they are **GRANTED.**

**I.  Allegations in the Second Amended Complaint ("SAC")**

  Plaintiff Bishop Edwin Jiwan Mall began this action with the filing of a Motion for Leave to Proceed in forma pauperis on October 31, 2019. (ECF No. 1). He subsequently withdrew that Motion, paid the necessary filing fee, and filed his Complaint. (ECF Nos. 4, 5). When his Motion to file an Amended Complaint was granted (ECF No. 18), Mr. Mall filed an Amended Complaint on February 20, 2020. (ECF No. 19).

  After all Defendants filed motions seeking dismissal or judgment on the Amended Complaint, Mr. Mall filed a Motion for Leave to Admit Second Amended Complaint ("SAC"). (ECF No. 60). He informed the Court that he was seeking to file the SAC because some exhibits were missing from the Amended Complaint and he wanted to add new allegations that had

1

allegedly occurred since the original complaint had been filed. Following a pretrial conference, Mr. Mall's Motion for Leave was granted. (ECF No. 68). Mr. Mall filed his SAC on April 24, 2020. (ECF No. 69).

Many of the allegations in the SAC are generically asserted against "the defendants," though there are specifics about a few of the individual defendants. Considering the allegations in the light most favorable to Mr. Mall, he claims as follows:

He was employed by Defendant Parallel Employment Group, Inc., for almost 2 years as a substitute teacher. (SAC, ¶ 19, ECF No. 69). He was working as a "permanent" building substitute teacher at Groveport High School at the time of his termination. (*Id.* ¶ 4c). He also had worked as a "sub teacher in ESCCO CONSORTIUM SCHOOL." (*Id.* ¶ 2).

Defendant Rick Bailey is the Human Resource Director for Defendant Educational Service Center of Central Ohio ("ESCCO"). (Exhibit 1,[1] ECF No. 69-1). On September 27, 2019, Mr. Bailey sent a letter to Mr. Mall stating ESCCO had been notified that, during instructional time in the classroom, Mr. Mall had discussed with another teacher his personal beliefs that were inappropriate for the classroom. (*Id.*). That letter informed Mr. Mall that he had been "blocked from accepting any further substitute assignments in the STACK unit at Franklin Heights High School." (*Id.*). The letter also told Mr. Mall how he could dispute the allegations against him. (*Id.*). Mr. Mall vehemently denies the allegations in this letter and claims that it was sent in retaliation "for the Departmental complaint." (SAC, ¶ 2b; Exhibit 2, ECF No. 69-1). Mr.

---

[1] Federal Rule of Civil Procedure 10(c) "considers [a] copy of any written instrument which is an exhibit to a pleading . . . a part thereof for all purposes." *Composite Techs., LLC v. Inoplast Composites SA DE CV*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013) (internal quotations omitted).

2

Mall responded in writing to Mr. Bailey (Ex. 2), but the action outlined in the September 27, 2019 letter remained in place. (Exhibit 3, ECF No. 69-1).

Mr. Bailey sent another letter to Mr. Mall on October 21, 2019, in which Mr. Bailey outlined an accusation that, while acting as a substitute teacher in the Dublin City Schools, Mr. Mall had approached another substitute teacher (Defendant Ms. Rehana) and had a sexually suggestive conversation with her. (Exhibit 4, ECF No. 69-1). Mr. Mall also denies these allegations and claims that the allegations are libelous and retaliation for his protected activity. (SAC, ¶ 4). He also alleges that he is being discriminated against based upon his ethnicity, race, faith, and religion. (*Id.* ¶ 5). Nevertheless, Mr. Mall was "blocked" from acting as a substitute teacher in the Dublin City Schools. (Ex. 4). And, because he had been blocked from two school districts and one classroom, Mr. Mall was completely removed from acting as a substitute teacher for ESCCO in any school districts. (*Id.*).

Mr. Mall requested an inquiry into the allegations against him but the ESCCO defendants refused his request. (SAC, ¶¶ 2, 4c, 5c; Exhibits 2, 6, ECF No. 69-1).

As to Ms. Rehana, Mr. Mall states that she is a "victim" who has been "exploited" by Defendants. (SAC, ¶ 18b). However, she does have religious beliefs that are hostile to Mr. Mall. (*Id.*).

After Mr. Mall's termination, Mr. Bailey notified the Ohio Department of Education about the allegations against Mr. Mall. (*Id.* ¶ 6). A copy of this notice is not attached to the Complaint (Exhibit 8, ECF No, 69-1), but in correspondence to Mr. Mall, Mr. Bailey stated that he "would be filing a report with the Ohio Department of Education Office of Professional Conduct based on the 'Licensure Code of Professional Conduct for Ohio Educators.'" (Exhibit 7,

3

ECF No. 69-1). Mr. Mall claims that this notification and Mr. Bailey's September 24 and October 21 letters are defamatory and discriminatory. (SAC, ¶ 6).

Defendants the Board of Education, the Office of Professional Conduct, Paolo DeMaria, Lori Kelly, and Margaret Derethik (collectively "the State Defendants") opened an investigation into Mr. Mall after receiving a notification from Mr. Bailey. (*Id.* ¶ 5(1); Exhibit 16, ECF No. 69-1). Mr. Mall claims that this investigation is based on false information, constitutes libel, and involves the misappropriation of funds. (SAC, ¶¶ 1c, 13).

Mr. Mall further claims that Defendants Dr. Stephen Fawcett (Director, Columbus Bilingual Academy), Justin Moore (Branch Manager, Parallel Education Division), Parallel Employment Group, Inc., and Columbus Bilingual Academy terminated and defamed him. (*Id.* ¶ 19). They also denied him access to any "written proof of any hostile action, whatsoever." (*Id.* ¶ 20).

Mr. Mall's claims are brought under 42 USC § 1983; he specifically states in his Second Amended Complaint that he does not bring his claims under Title VII of the Civil Rights Act. (*Id.* ¶ 7). Reading the Amended Complaint broadly, but with Mr. Mall's stated limitation, Mr. Mall has brought claims for violation of the Equal Protection Clause, violations of his right to Due Process, and First Amendment Retaliation.

In response to the Second Amended Complaint, Defendants Moore and Parallel Employment Group, Inc., filed a Motion to Dismiss on May 5, 2020. (ECF No. 70). Mr. Mall responded (ECF No. 71) and a reply was filed by those defendants (ECF No. 81).

On May 7, 2020, Defendants ESCCO, Bailey, Goodney, and Rehana filed a Motion to Dismiss. (ECF No. 76). Mr. Mall filed a response to the Motion (ECF No. 80) and those defendants filed a reply (ECF No. 83).

A Motion to Dismiss was also filed by Defendants Joe Santa-Emma and Diane Zimmerman on May 7, 2020. (ECF No. 75). This Motion has also been fully briefed. (ECF Nos. 79, 84).

And, on May 7, 2020, the State Defendants filed their own Motion to Dismiss. (ECF No. 72). Mr. Mall responded (ECF No. 77) and the State Defendants filed a reply (ECF No. 82).

After filing an answer to the Second Amended Complaint, Defendants Fawcett and Columbus Bilingual filed a Motion for Judgment on the Pleadings. (ECF No. 74). That motion is fully briefed as well. (ECF Nos. 78, 85).

## II.     Motions to Dismiss and for Judgment on the Pleadings

### A.     Subject Matter Jurisdiction

The State Defendants have moved to dismiss the Second Amended Complaint arguing that the Court is without subject matter jurisdiction over the claims against them due to the *Younger* abstention doctrine.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotations omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of

5

subject matter jurisdiction, in which case no presumptive truthfulness applies to the factual allegations. *Ritchie*, 15 F.3d at 598. In the context of a factual attack, a reviewing court may weigh the evidence in order to satisfy itself as to the existence of its power to hear the case. *Id.*

When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

"*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). As the Sixth Circuit has explained: "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44).

The Supreme Court has extended *Younger* to civil enforcement actions "akin to a criminal prosecution," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975), and to suits challenging "the core of the administration of a State's judicial system." *Juidice v. Vail*, 430 U.S. 327, 335 (1977). However, *Younger* abstention is limited to "three exceptional categories" of cases: (1) "parallel, pending state criminal proceeding[s]"; (2) "state civil proceedings that are akin to criminal prosecutions"; and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013).

The Supreme Court has recognized that ongoing state administrative proceedings such as attorney disciplinary proceedings fall into the second exceptional category.

*Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434–35 (1982). Here, Mr. Mall's claims against the State Defendants stem from the Board of Education's investigation of him to determine whether disciplinary action is warranted related to Mr. Mall's teaching license. This type of proceeding falls into the second "exceptional" category as well such that abstention under *Younger* may be required. *See New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 367–68 (1989) (collecting cases); *Durstein v. Alexander*, No. 3:19-0029, 2019 WL 6833858, at *10 (S.D.W.V. Dec. 13, 2019) (applying *Younger* abstention to a state department of education proceeding to revoke or suspend a teaching certificate).

Accordingly, the Court must now determine whether *Younger* abstention is proper using a three-factor test. If "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims," a court may abstain from hearing the federal claim. *Aaron v. O'Connor*, 914 F.3d 1010, 1018 (6th Cir. 2019) (internal quotations omitted).

Here, the first two factors are met. The state proceedings are currently pending and they involve an important state interest. As to the second factor, the Court agrees with the assertion of the State Defendants that "[t]he State of Ohio has an interest in taking disciplinary action against educators whose conduct is found to be unbecoming of the teaching profession." (Motion, 7, ECF No. 72); *see Durstein*, 2019 WL 6833858 at *11 (recognizing an important state interest in ensuring the fitness of West Virginia's teachers).

Plaintiff seems to argue that the third factor has not been met in that he claims the State Defendants have engaged in a "covert" investigation to take illegal actions against him. (Response, 1, ECF No. 77). Under this third factor, Plaintiff bears the burden of showing "'that

7

the state procedural law barred presentation of [his] claims.'" *Aaron,* 914 F.3d at 1010 (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 14 (1987)). The question is whether Plaintiff will have an adequate opportunity to raise his constitutional claims. *See Chamber of Commerce of U.S. v. Ohio Elections Comm'n*, 135 F. Supp. 2d 857, 865 (S.D. Ohio 2001).

Here, Mr. Mall will have an opportunity to have a hearing, at which time he may raise his constitutional claim and any other objections he has to any proposed discipline. Ohio Rev. Code § 119.06 requires a state agency to provide notice of a proceeding and an opportunity to be heard before any disciplinary action can be taken against Mr. Mall, instructing: "No adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code. Such opportunity for a hearing shall be given before making the adjudication order except in those situations where this section provides otherwise." And, if Mr. Mall is not satisfied with the Department of Education's decision following such a hearing, Ohio law allows him the opportunity to appeal that decision to the state courts. *See* Ohio Rev. Code § 119.12 (setting forth procedure for appeal by party adversely affected by an order of a state agency). Accordingly, absent evidence to the contrary, there is no reason to presume that the Department of Education (or state courts) would not entertain Mr. Mall's allegations during its review. *See Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 335 (6th Cir. 2007). Therefore, state proceedings in this case provide Mr. Mall with an adequate opportunity to raise his constitutional arguments. *Younger* abstention applies.

The Court **GRANTS** the State Defendants' Motion to Dismiss. (ECF No. 72).

    **B.**    **Failure to State a Claim**

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds

8

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

When evaluating a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the plaintiff. *Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (internal citations and quotations omitted).

These standards also apply when the plaintiff is pro se. Although a pro se litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008).

Mr. Mall brings his claims under 42 USC § 1983. Section 1983 provides "a private right of action against any person who, acting under the color of state law, causes another person to be subjected to the deprivation" of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Herman v. Ohio Univ.,* No. 2:19-cv-201, 2019 WL 6242159, at *1 (S.D. Ohio Nov. 22, 2019) (internal quotations omitted). The Fourteenth Amendment provides that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

**1. Equal Protection Claim**

To the extent that Mr. Mall claims that Defendants' actions violated his Fourteenth Amendment right to equal protection of the law, he has failed to state a claim.

The Equal Protection Clause "'protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights. The threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers.'" *Ervin v. Davis*, No. 2:16-cv-186, 2017 WL 2573251, at *4 (S.D. Ohio June 14, 2017) (quoting *Scarborough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 259 (6th Cir. 2006)). "To establish an equal-protection violation, a plaintiff must allege that the state made a distinction which burden[ed] a fundamental right, target[ed] a suspect class, or intentionally treat[ed] one

10

differently from others similarly situated without any rational basis for the difference." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018) (internal quotations omitted). "Direct or circumstantial evidence that . . . race motivated [official] actions may establish an Equal Protection Clause violation." *Heyne v. Metro. Nashville Pub. Schools*, 655 F.3d 556, 571 (6th Cir. 2011).

Here, even viewing Mr. Mall's allegations in the light most favorable to him, he has not alleged any facts that he was treated differently than similarly situated employees. And he fails to allege sufficient facts to "raise a right to relief above the speculative level" with regard to his boilerplate statements that Defendants have burdened a fundamental right or targeted him based on a suspect class. *Twombly*, 550 U.S. at 555. For example, Mr. Mall has made only conclusory allegations that "similarly situated and circumstanced groups and people of other race are treated more favorably and differently." (SAC, ¶¶ 1d, 3, 7, 12, 19, 24). Mr. Mall's allegations are insufficient to support a plausible claim that Defendants have violated the Equal Protection Clause. Accordingly, Defendants are entitled to dismissal of those claims.

**2. Due Process Claims**

The Due Process Clause of the Fifth Amendment declares that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Due Process Clause "clothes individuals with the right to both substantive and procedural due process." *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002) (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)). It appears that Mr. Mall is claiming that Defendants violated both his substantive and procedural due process rights, so the Court will address both below.

### a. Procedural Due Process

The Supreme Court has established that "[p]rocedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "Procedural due process generally requires that the [government] provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005). Here, Mr. Mall has arguably asserted that he has been deprived of both a property interest and a liberty interest.

### i. Property Interest

According to the Sixth Circuit, "[t]o establish a procedural due process claim, a plaintiff must show (1) the existence of a protected property interest at issue, (2) a deprivation of that protected property interest, and (3) that he or she was not afforded adequate procedures." *Paterek v. Vill. of Armada, Michigan*, 801 F.3d 630, 649 (6th Cir. 2015).

"[P]rocedural due-process claims require the deprivation of a liberty or property interest." *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). Defendants argue that Mr. Mall had no constitutionally protected property interest in his position as a substitute teacher. If Defendants have not infringed any property interest, Mr. Mall's procedural due process claim must be dismissed.

Whether a person has a property interest is generally governed by state law. *Id.* (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The person must likewise possess "more than a

unilateral expectation" of the benefit. *Id.* Rather, the individual must "have a legitimate claim of entitlement." *Id.*

Government employment amounts to a protected property interest when the employee is "entitled" to continued employment. *Id; Perry v. Sindermann,* 408 U.S. 593, 601 (1972). In this context, a property interest exists and its boundaries are defined by "rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Roth,* 408 U.S. at 577. Thus, to establish a protected interest in his continued employment as a substitute teacher, Mr. Mall must be able to point to some statutory or contractual right conferred by the state that supports a legitimate claim to continued employment.

The Sixth Circuit has previously recognized that, "[u]nder Ohio law, substitute teachers have no property interest in their continued employment." *Lautermilch v. Findlay City Schools*, 314 F.3d 271, 274–75 (6th Cir. 2003) (citing Ohio Rev. Code § 3319.10).

Mr. Mall could nevertheless establish a property interest in his job if such an interest is conferred by contract. *Id.* at 275. However, Mr. Mall has not alleged the existence of a written contract nor has he provided one as an exhibit to the SAC.

Mr. Mall has failed to allege a procedural due process claim.

### ii. Liberty Interest

The Due Process Clause of the Fourteenth Amendment also protects an individual's liberty interest in their "reputation, good name, honor, and integrity." *Quinn v. Shirey*, 293 F.3d 315, 319 (6th Cir. 2002) (internal quotations omitted). That liberty interest is impugned when a state actor "stigmatize[s]" an individual by means of "voluntary, public dissemination of false information" about the individual. *Id.* at 320 (internal quotations omitted). "[W]here a person's

13

good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Roth*, 408 U.S. at 573 (internal quotations omitted).

However, defamation alone does not trigger this constitutional protection; rather, the alleged damage must be tied to "[s]ome alteration of a right or status 'previously recognized by state law.'" *Quinn*, 293 F.3d at 319 (quoting *Paul v. Davis*, 424 U.S. 693, 711–12 (1976)). The Sixth Circuit "has identified five factors that a plaintiff must show in order to establish that he was deprived of a liberty interest and entitled to a name-clearing hearing." *Id*. at 320. They are the following:

> First, the stigmatizing statements must be made in conjunction with the plaintiff's termination from employment. . . . Second, a plaintiff is not deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance. . . . Third, the stigmatizing statements or charges must be made public. Fourth, the plaintiff must claim that the charges made against him were false. Lastly, the public dissemination must have been voluntary.

*Id.* (internal quotations omitted).

Mr. Mall has alleged that the Defendants have made "sleazy[,] highly defamatory and discriminatory humiliating allegations" that have caused him to lose his good reputation and honor. (SAC, ¶ 6c, *et seq*.). At the outset, the claim lacks factual substance. Mr. Mall never articulates what false statements were made and published against him. Instead, the claim consists of legal conclusions couched as facts, which the Court is not required to accept as true. *Iqbal*, 556 U.S. at 678.

The claim is also inadequate as to the third *Quinn* element. Mr. Mall has made no specific factual allegations that the accusations or investigations into Mr. Mall's conduct were made public; rather, he has only referred to "public statements" and "publicizing" in a formulaic

14

manner. While he does allege "the publication of libelous defamatory sleazy allegations in various newspapers, mosques, particularly in Pakistan, Iran, Syria and Afghanistan & around the world at the behest of the defendants" (SAC, ¶ 1c), this allegation is insufficient. Plaintiff has done nothing to "nudg[e]" this claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 683.

In fact, the letters from Mr. Bailey indicate that the allegations were relayed to Mr. Mall in private correspondence. While Mr. Bailey does say that he has discussed some of the allegations with other individuals, such conversations were in the context of asking them to investigate Mr. Mall's denials (Exs. 3, 7, ECF No. 69-1) or related to Mr. Bailey's obligations to report certain things to the Department of Education (Ex. 7). While Mr. Mall's termination may have generated discussion and speculation, there is no plausible factual allegation that any of the Defendants made stigmatizing statements to the public at the time of his termination or in connection with his termination.

Mr. Mall has not alleged sufficient facts to state a procedural due process claim.

  **b.**  **Substantive Due Process**

To the extent Mr. Mall seeks to bring a § 1983 claim for substantive due process, he has also failed to allege sufficient facts for such a claim because of his failure to allege the existence of a constitutional protected property right. The Sixth Circuit "has recognized that a substantive due process violation occurs when arbitrary and capricious government action deprives an individual of a constitutionally protected property interest." *Warren v. City of Athens*, 411 F.3d 697, 707 (6th Cir. 2005); *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988) ("Substantive due process . . . protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action. . . . Even if such an

interest has been impaired by governmental action, courts will review the challenged decision only for arbitrariness or capriciousness.").

Although establishing a protectable interest is a common element of both kinds of due process claims, "'[t]he interests protected by substantive due process are of course much narrower than those protected by procedural due process.'" *McGee v. Schoolcraft Cmty. Coll.*, 167 F. App'x 429, 437 (2006) (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 249–50 (6th Cir. 2003)). Accordingly, the Sixth Circuit has held that, to review a substantive due process claim, a Court must first ask whether the plaintiff has shown "a deprivation of a constitutionally protected liberty interest" and then ask whether "the government's discretionary conduct that deprived that interest was constitutionally repugnant." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 765 (6th Cir. 2020) (internal quotations omitted). "Thus, a plaintiff must show as a predicate the deprivation of a liberty or property interest, as well as conscience-shocking conduct." *Id.* at 766 (internal quotations omitted).

In this case, having already determined that Mr. Mall has not alleged sufficient facts to establish a protectable property interest for a procedural due process claim, it is unnecessary to analyze whether the actions of the any of the Defendants "shocked the conscience" for Mr. Mall's substantive due process claim.

Mr. Mall has failed to allege a substantive due process claim.

### 3. First Amendment Retaliation Claim

Finally, a First Amendment retaliation claim requires the following elements:

(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in party by the plaintiff's protected conduct.

16

*Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999).

The employee must first establish that his speech was constitutionally protected. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1997); *Langford v. Lane,* 921 F.2d 677, 680 (6th Cir. 1991). Speech is protected when it addresses a matter of public concern, and the employee's interest in making such statements outweighs "the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Educ.,* 391 U.S. 563, 568 (1968); *Rahn v. Drake Ctr., Inc.,* 31 F.3d 407, 412 (6th Cir. 1994).

Mr. Mall alleges that he engaged in constitutional protected activity with regard to the "Departmental complaint." (SAC, ¶¶ 2b, 25). However, the bare assertion that his Departmental complaint is "a protected activity" does not make it so. As previously explained, "a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (internal quotations omitted). Mr. Mall has not provided any factual allegations to support his assertion that his Department complaint addressed a matter of public concern.

Mr. Mall has failed to allege a First Amendment Retaliation claim.

## III.     Dismissal with Prejudice

"Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *Neitzke v. Williams,* 490 U.S. 319, 329 (1989). Further, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon,* 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). However, dismissal of a pro se plaintiff's complaint for failure to state a claim without leave to amend is appropriate "where it is patently

obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." *Wolf v. Petrock*, 382 F'Appx 674, 677 (10th Cir. 2010).

Mr. Mall has been allowed to amend his complaint twice. Allowing a third amendment would be futile. Accordingly, the dismissal is with prejudice.

### IV. Conclusion

For the reasons set forth above, the Motions to Dismiss filed by Defendants ESCCO, Bailey, Goodney, Rehana, Moore, Parallel Employment Group, Inc., Santa-Emma, Zimmerman, and the State Defendants are **GRANTED**. (ECF Nos. 70, 72, 75, 76). Defendants Fawcett and Columbus Bilingual's Motion for Judgment on the Pleadings is also **GRANTED**. (ECF No. 74). The Second Amended Complaint is hereby **DISMISSED WITH PREJUDICE.** (ECF No. 69). The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE